IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.     CRIMINAL ACTION NO. 2:21-cr-117-01

LETTIA HARRIS

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. §3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. [ECF No. 74]. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to

require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on February 7, 2024, this case was designated for Expedited consideration pursuant to this Court's standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, addendum to the PSR from the Probation Office, and any materials submitted by the parties on the issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

In the Memorandum of the United States in Opposition to Defendant's Eligibility for a Sentence Reduction Pursuant to Either Part of Amendment 821 to the United States Sentencing Guidelines, [ECF No. 78], the United States argues that Ms. Harris is ineligible for a reduction because her sentence was not the result of status points and because she was not a zero-point offender. The United States further argues that even if one of the previous categories of relief applied to Ms. Harris, she would still be ineligible for a reduction because her sentence was a result of the statutorily mandated minimum sentence for a violation of Title 18 and was not

2

based on criminal history. I agree.

On July 27, 2022, Ms. Harris was sentenced to 60 months of imprisonment, followed by three years of supervised release, for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [ECF No. 68]. The applicable guideline for a violation of 18 U.S.C. § 924(c)(1)(A) is found in U.S.S.G. § 2K2.4. Section 2K2.4(b) provides that the guideline sentence is five years which is the minimum term of imprisonment required by statute. Chapter Four of the Sentencing Guidelines, which deals with criminal history, did not apply to Ms. Harris' count of conviction. Furthermore, Ms. Harris was not a zero-point offender, *see* [ECF No. 71, ¶¶ 33–34], and, because her sentence was determined without application of Chapter Four, she did not receive status points. Therefore, the Court finds that Ms. Harris is ineligible for relief.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on July 27, 2022, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: February 16, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE